# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN THOMPSON, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| SPECTRUM PHARMACEUTICALS, INC., | ) **FEDERAL SECURITIES LAWS** |
| WILLIAM L. ASHTON, BRITTANY K. | ) |
| BRADRICK, SETH H.Z. FISCHER, JUHYUN | ) JURY TRIAL DEMANDED |
| LIM, THOMAS J. RIGA, and JEFFREY L. | ) |
| VACIRCA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff John Thompson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Assertio Holdings, Inc. ("Assertio").[1]

2. On April 24, 2023, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with Assertio and Assertio's wholly owned subsidiary, Spade Merger Sub 1, Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders will receive 0.1783 shares of Assertio common stock and one non-tradeable contingent value right ("CVR") for each share of Company stock.[2]

3. The Company's corporate directors subsequently authorized the June 16, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the

---

[2] Each CVR represents a contractual right to receive future conditional payments worth up to an aggregate maximum amount of $0.20, settleable in cash, additional shares of Assertio common stock or a combination of cash and additional shares of Assertio common stock, at Assertio's sole discretion, upon the achievement of certain sales milestones related to Spectrum's product ROLVEDON (eflapegrastim). Notably, Assertio stockholders will own approximately 65% of the combined company upon consummation of the Proposed Transaction.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for July 27, 2023.

event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Spectrum common stock.

10.     Defendant Spectrum is a Delaware corporation with its principal executive offices located at 2 Atlantic Avenue, 6th Floor, Boston, Massachusetts 02110.  Spectrum's shares trade on the Nasdaq Capital Market under the ticker symbol "SPPI."  Spectrum is a commercial-stage biopharmaceutical company that develops and commercializes oncology drug products.  Spectrum has an in-house clinical development organization with regulatory and data management capabilities, in addition to commercial infrastructure and a field-based sales force for its marketed product, ROLVEDON (eflapegrastim).

11. Defendant William L. Ashton is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Brittany K. Bradrick is and has been a director of the Company at all times relevant hereto.

13. Defendant Seth H.Z. Fischer is and has been a director of the Company at all times relevant hereto.

14. Defendant Juhyun Lim is and has been a director of the Company at all times relevant hereto.

15. Defendant Thomas J. Riga is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

16. Defendant Jeffrey L. Vacirca is and has been a director of the Company at all times relevant hereto.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

18. On April 25, 2023, Assertio and the Company jointly announced in relevant part:

LAKE FOREST, Ill., and BOSTON, April 25, 2023 (GLOBE NEWSWIRE) – Assertio Holdings, Inc. (Nasdaq: ASRT) ("Assertio"), a specialty pharmaceutical company offering differentiated products to patients, and Spectrum Pharmaceuticals, Inc. (Nasdaq: SPPI) ("Spectrum"), a commercial stage biopharmaceutical company focused on novel and targeted oncology, today announced that they have entered into a definitive agreement pursuant to which Assertio will acquire all outstanding shares of Spectrum in an all-stock and contingent value rights ("CVR") transaction.

"The addition of Spectrum's commercial capabilities and ROLVEDON, a novel long-acting G-CSF product recently launched into a blockbuster market in

October 2022, exemplifies Assertio's attractiveness as an acquirer of new, accretive assets across diverse therapeutic categories, and ability to continue their growth and achieve profitable contributions faster and more efficiently than could be achieved on a standalone basis. We intend to retain the majority of Spectrum's commercial infrastructure, which we believe is synergistic to our digital non-personal platform, deploying these complementary dual channels to support clinical messaging, reimbursement education and ROLVEDON awareness to further aid and accelerate its launch," said Dan Peisert, President and Chief Executive Officer of Assertio.

"We are excited to combine with Assertio in a transaction that will deliver significant value to our stockholders and the opportunity to share in the future upside of ROLVEDON," said Tom Riga, President and Chief Executive Officer of Spectrum Pharmaceuticals.  "Our mission at Spectrum has always been to make a difference in the lives of patients and with Assertio, we have a partner that will enable us to deliver on this promise.  Our combined assets and commercial infrastructure will position us to accelerate ROLVEDON's launch for the benefit of patients, maximize its potential and drive further growth.  We are proud of the launch trajectory our team has achieved with ROLVEDON and look forward to an exciting new chapter."

**Terms of the Agreement**

Under the terms of the agreement, at closing, Spectrum stockholders will receive a fixed exchange ratio of 0.1783 shares of Assertio common stock for each share of Spectrum common stock they own, implying an upfront value of $1.14 per Spectrum share (approximately $248 million) based on Assertio's stock price on April 24, 2023 and an initial 65% premium to Spectrum's closing price on such date. Additionally, Spectrum stockholders will receive one CVR per Spectrum share entitling them to receive up to an additional $0.20 per share in total (approximately $43 million), payable in cash or stock at Assertio's election, for $1.34 (approximately $291 million), a total potential premium of 94%.  Subject to adjustments, each CVR shall represent the right to receive $0.10 payable upon ROLVEDON net sales (less certain deductions) achieving $175 million during the calendar year ending December 31, 2024, and $0.10 payable upon ROLVEDON net sales (less certain deductions) achieving $225 million during the calendar year ending December 31, 2025.

Following the close of the transaction, Assertio stockholders will own approximately 65% of the combined company, and Spectrum stockholders will own approximately 35%, on a fully diluted basis.

**Transaction Strategic and Financial Rationale**

5

**Strengthened Commercial Infrastructure and Resources:** Assertio's innovative digital non-personal sales model complements Spectrum's in-person commercial infrastructure, providing greater market access and resources than either company as a standalone entity.

**Expected to Be Accretive to Adjusted EPS and Operating Cash Flow in 2024:** Assertio intends to retain the majority of Spectrum's commercial team and add operating costs of approximately $60 million annually. The remaining cost synergies are expected to accelerate and enhance the profit opportunities for the combined company and generate double-digit accretion to adjusted EPS and increased operating cash flow in 2024.

**Enhanced IP Portfolio:** ROLVEDON's intellectual property protection is anticipated to extend through 2036, complementing Assertio's portfolio of traditional and non-traditional IP protection, including assets with protection extending beyond 2040 and plans to secure additional protections on existing assets.

**Improved Strategic Profile:** The transaction enables the combined company to have a more scalable and competitive infrastructure for continuing the development and acquisition of existing and prospective new commercial- and late development-stage products suited to Assertio's unique omni-channel sales strategy.

**Platform Diversification:** In addition to Assertio's key assets Indocin, Sympazan and Otrexup, Spectrum's key asset ROLVEDON will represent meaningful further asset diversification. ROLVEDON is a long-acting growth factor (G-CSF) indicated to decrease the incidence of infection, as manifested by febrile neutropenia, in adult patients with non-myeloid malignancies receiving myelosuppressive anti-cancer drugs associated with clinically significant incidence of febrile neutropenia.

Access to Capital Markets: With enhanced scale and greater diversification of revenue generating commercial assets, the combined company is expected to have a more attractive profile to investors and to benefit from greater access to the capital markets.

**Approvals and Timing to Close**

The transaction, which has been approved by the boards of directors of both companies, is expected to close in the third quarter of 2023, subject to approval by Assertio and Spectrum stockholders and the satisfaction of customary closing conditions.

* * *

**Advisors**

Guggenheim Securities, LLC is acting as financial advisor to Spectrum, and Gibson, Dunn & Crutcher LLP is serving as legal counsel.

SVB Securities and H.C. Wainwright & Co. are acting as financial advisors to Assertio, and Latham & Watkins LLP is serving as legal counsel.

**The Materially Incomplete and Misleading Proxy Statement**

19. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on June 15, 2023  The Proxy Statement, which recommends that Spectrum stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Spectrum; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Guggenheim Securities, LLC ("Guggenheim"); and (c) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company and Assertio*

20. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying Spectrum's forecasted Unlevered Free Cash Flows.

21. The Proxy Statement also fails to disclose the line items underlying Assertio's forecasted Operating Income and Unlevered Free Cash Flows.

*Material Misrepresentations and/or Omissions Concerning Guggenheim's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning Guggenheim's financial analyses.

23. With respect to the *Spectrum Discounted Cash Flow Analysis* performed by Guggenheim, the Proxy Statement fails to disclose the net present value of the cash tax savings from net operating losses (both existing and projected) as projected by Spectrum management.

24. With respect to the *Equity Research Analyst Stock Price Target* analysis of Spectrum performed by Guggenheim, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

25. With respect to the *Assertio Discounted Cash Flow Analysis* performed by Guggenheim, the Proxy Statement fails to disclose the net present value of the cash tax savings from net operating losses (both existing and projected) as projected by Spectrum management.

26. With respect to the *Equity Research Analyst Stock Price Target* analysis of Assertio performed by Guggenheim, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

27. With respect to the *Pro Forma Discounted Cash Flow Value Analysis* performed by Guggenheim, the Proxy Statement fails to disclose:: (a) the respective amount of net cash for Spectrum and Assertio as of March 31, 2023 as adjusted for estimated transaction expenses; (b) the net present value of the cash tax savings from net operating losses (both existing and projected) of each of Spectrum (after giving effect to limitations under Section 382 of the Internal Revenue Code) and Assertio, in each case as projected by Spectrum's management; and (c) the after-tax synergies (net of cost to achieve).

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

28. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction, including whether the standstill agreements

8

the Company entered into with fourteen counterparties during the sale process are "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding the parties from submitting a topping bid for the Company.

29. The omission of the above-referenced information renders statements in the "Spectrum Unaudited Financial Projections," "Assertio Unaudited Financial Projections," "Opinion of Spectrum's Financial Advisor," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Spectrum**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Spectrum is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

9

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Spectrum within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Spectrum and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

      A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

      B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

      D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.     Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 5, 2023　　　　　　　　　　　　　　**LONG LAW, LLC**

                                              By:  */s/ Brian D. Long*
                                                     Brian D. Long (#4347)
                                                     3828 Kennett Pike, Suite 208
                                                     Wilmington, DE 19807
                                                     Telephone: (302) 729-9100
                                                     Email: BDLong@LongLawDE.com

                                                     *Attorneys for Plaintiff*